**VAN DRIVERS UNION LOCAL NO. 392, et al., Plaintiffs,**

v.

**NEAL MOVING & STORAGE, Defendant.**

**Civ. A. No. C82–1006.**

United States District Court, N.D. Ohio, E.D.

Jan. 13, 1983.

See also, D.C., 551 F.Supp. 429.

Mark I. Wachter, A.R. Mays & Assoc., Garry B. Schwartz, Cleveland, Ohio, for plaintiffs.

Steven M. Ott, Cozza & Steuer, Cleveland, Ohio, for defendant.

## ORDER

ANN ALDRICH, District Judge.

Pending before the Court is plaintiff's Motion for an Order to Show Cause why defendant, Neal Moving & Storage, should not be held in contempt of this Court's Order of July 31, 1982. A hearing was held on the motion on January 4, 1983, at which time this Court issued a ruling from the bench holding Neal Moving and Storage in contempt of court.

Pursuant to Fed.R.Civ.P. 52, the Court issues the following findings of fact and conclusions of law.

In its Order of July 30, 1982, this Court permanently enjoined Neal Moving and Storage ("Neal") from failing to make timely payments to Van Drivers Local Union No. 392, Health and Welfare Fund, and the Union as required in the collective bargaining agreement. The Court also ordered Neal to make payment of all moneys owed to the Health and Welfare Fund and all moneys owed to the Union for dues which had not been paid since January of 1982. At the hearing, Van Drivers Local Union ("Van Drivers") moved for an order finding Neal in contempt of the permanent injunction order and the order to make payment of Union dues.

### I

*Union Dues*

Evidence introduced at hearing, through the testimony of Thomas Cooper, Local 392 Secretary-Treasurer, together with Union dues billing records, established that Neal failed to comply with this Court's order to make payment of Union dues. Neal did not dispute the record of nonpayment. Neal's president, Timothy Ratigan testified that, even though the company had withheld dues from its employees' salaries, the company had insufficient funds to pay the Union dues after employee salaries were paid. The Court finds Neal in contempt of court. It is well-settled law, in the Sixth Circuit and elsewhere, that mere financial hardship is no excuse for failure to comply with a court order. *United States v. Work Wear Corp.,* 602 F.2d 110, 116 (6th Cir.1979). *See, United States v. du Pont and Co.,* 366 U.S. 316, 326–31, 81 S.Ct. 1243, 1250–53, 6 L.Ed.2d 318 (1961).

### II

*Health and Welfare Fund*

Neal established, through the testimony of Timothy Ratigan and the presentation of copies of a letter and a check, that, in response to the Court's July Order, Neal

made a $10,071.00 payment to the Health and Welfare Fund. Payment of this amount cleared Neal of arrearages owed since October of 1981. Kathy Phillips, an employee of the Administrator of the Health and Welfare Fund, testified, and presented records in support thereof, that Neal had failed to make payments to the Health and Welfare Fund for the months of June 1982 through October 1982. Rather, Neal had submitted monthly contribution reports but had not submitted payments with such reports. At the time of the hearing, payment for December had not yet come due.

In defense, Neal again claimed it lacked sufficient funds to make payments to the Health and Welfare Fund. Ratigan testified that, since Neal could not afford to pay the premiums to the Health and Welfare Fund, in an attempt to "do the next best thing", Neal made direct payments to either the employee or the medical provider when employees incurred medical expenses. Ratigan admitted that such payments were outside the scope of the collective bargaining agreement. This Court finds that these payments did not satisfy Neal's obligation under the collective bargaining agreement, nor did they satisfy the Court's order. The Court rejects Neal's argument that employees have not suffered any demonstrable damages unless medical expenses have been incurred. Neal's claim that no damages accrued as a result of nonpayment of its premiums when employee medical expenses were not incurred is totally without merit. Under the collective bargaining agreement, the employees are entitled to health insurance protection. Neal's failure to pay premiums denies its employees this protection. While one purpose of health insurance is, admittedly, to cover medical expenses, an additional, and equally important, purpose is to provide full medical protection. Neal's claim that its payment directly to employees is common practice in the trade was disputed by testimony of Van Drivers' witnesses and is not relevant to the issue at bar. His defense of financial hardship is, again, without merit. *Work Wear, supra.*

Neal's contention that its failure to pay is purely unintentional and is the uncontrollable consequence of the company's inability to turn a profit is an attempt to prove the violation is not flagrant or willful and is likewise without merit. Violation of a court order need not be willful in order to evoke a remedial determination of civil contempt. *Powell v. Ward,* 487 F.Supp. 917, 933 (D.C.N.Y.1980), *aff'd and modified on other grounds,* 643 F.2d 924 (2d Cir.1981), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981).

Neal's remaining arguments are attempts to appeal this Court's Order and should more properly have been made in the context of a Motion for Reconsideration or Notice of Appeal, both of which are now time-barred; or as a Motion for Relief from Order under Fed.R.Civ.P. 60(b). Even if the Court were to treat Neal's arguments as a motion under Rule 60(b), Neal has failed to make the requisite showing under that rule which would entitle it to relief.

Therefore, for the above reasons, this Court finds defendant, Neal Moving and Storage, in contempt of this Court's Order of July 30, 1982 and orders Neal to make immediate payment of Union dues owed in the amount of $2,655. Neal is further ordered to arrange a satisfactory plan with Van Drivers for the payment of the $9,440 arrearage to the Health and Welfare Fund. This plan is to be formulated by January 14, 1982. The ten (10) days formulation period is granted based upon Van Drivers' representation that it will accept installment payments of arrearages.

In light of Neal's alleged financial difficulties, the assessment of a fine seems inappropriate. However, Neal and its responsible officer, Mr. Ratigan, have been advised that, absent an acceptable plan by January 14, 1983 and payment of Union dues, Mr. Ratigan can expect to be taken into custody by the United States Marshals until such a plan can be formulated and Union dues paid.

IT IS SO ORDERED.